1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8

TIMOTHY HUGGINS,                                    CASE NO. C08-1221JLR

9

            Plaintiff,                              ORDER GRANTING
                                                    APPLICATION TO PROCEED IN
10

    v.                                              FORMA PAUPERIS

11

KATHY PROSPER, et al.,                                        and

12

           Defendants.                          ORDER DISMISSING
                                                    PLAINTIFF'S COMPLAINT WITH
13                                                  LEAVE TO AMEND

14

## I.   INTRODUCTION

15
16

      Plaintiff Timothy Huggins is a state prisoner proceeding pro se with a civil rights

17

action seeking relief pursuant to 42 U.S.C. § 1983.  This matter comes before the court on

18

Plaintiff's application to proceed in forma pauperis and the court's obligation to screen

19

complaints brought by prisoners.  For the following reasons, the court GRANTS Plaintiff's

20

application to proceed in forma pauperis but DISMISSES Plaintiff's complaint with leave to

21

file an amended complaint within 30 days.

22
23
24
25

ORDER - 1

## II.   ANALYSIS

**A.   Application to Proceed In Forma Pauperis**

Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed in forma pauperis (Dkt. # 4), the court concludes that Plaintiff has met the § 1915(a).  Accordingly, the court GRANTS the application to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, Plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**B.   Court's Review of Plaintiff's Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). Courts must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d

639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a

complaint must contain more than "a formulaic recitation of the elements of a cause of

action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level."  *Id.*  However, "[s]pecific facts are not necessary; the statement [of facts]

need only give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotations

omitted).  In reviewing a complaint under this standard, the court must accept as true the

ORDER - 3

1    allegations of the complaint in question, *id*., and construe the pleading in the light most

2    favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

3        In this case, the court finds the allegations in Plaintiff's complaint so vague and

4    conclusory that it is unable to determine whether the current action is frivolous or fails to state

5    a claim for relief.  In the complaint, Plaintiff discusses an alleged slip-and-fall in the shower

6    and his subsequent interactions with medical personnel, but he does not connect these facts to

7    any alleged constitutional violations.  The court has determined that the complaint does not

8    contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the

9    Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the

10   elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d

11   646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

12   acts which defendants engaged in that support Plaintiff's claim.  *Id.*  Because Plaintiff has

13   failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be

14   dismissed.

15

16       The court, however, grants leave to file an amended complaint.  If Plaintiff chooses to

17   amend the complaint, Plaintiff must demonstrate how the conditions complained of have

18   resulted in a deprivation of Plaintiff's constitutional rights.  Also, Plaintiff must allege in

19   specific terms how each named defendant is involved.  There can be no liability under 42

20   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

21   actions and the claimed deprivation.  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980);

22   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23

24

25

ORDER - 4

allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, the court informs Plaintiff that it cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III.    CONCLUSION

In accordance with the foregoing analysis, the court ORDERS as follows:

1.    Plaintiff's application for leave to proceed in forma pauperis is GRANTED.

2.    Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.    Plaintiff's complaint (Dkt. # 1) is DISMISSED.

4.    Within 30 days from the date of this order, Plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

1        a.     The completed Notice of Amendment; and

2        b.     An original and one copy of the Amended Complaint.

3

4     Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended

5

6 complaint must bear the docket number assigned this case and must be labeled "Amended

7 Complaint"; failure to file an amended complaint in accordance with this order will result in a

8 recommendation that this action be dismissed with prejudice.

9     Dated this 12th day of February, 2009.

10

11

12                        JAMES L. ROBART

13                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

TIMOTHY HUGGINS,                          CASE NO. C08-1221JLR

                  Plaintiff,             NOTICE OF AMENDMENT

       v.

KATHY PROSPER, et al.,

                  Defendants.

       Plaintiff hereby submits the following document in compliance with the court's order

filed February 12, 2009:


       1.     Amended Complaint


       DATED:     _____


                                         _____
                                         Plaintiff